```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MR. TODD C. FORD, JR., | No. 22-0355 (NLH) (EAP) |
| Plaintiff, | OPINION |
| v. | |
| TPR T.R. NORTON, et al., | |
| Defendants. | |

APPEARANCE:

Todd C. Ford, JR.
357376
Hudson County Correctional Center
35 Hackensack Ave.
Kearny, NJ 07032

   *Plaintiff Pro se*

HILLMAN, District Judge

   Plaintiff Todd C. Ford, presently incarcerated in the Hudson County Jail in Kearny, New Jersey, seeks to file this Complaint against several police officers and Cumberland County prosecutors. ECF No. 1.

   At this time, the Court must review the Complaint in accordance with 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the complaint without prejudice. Leave to amend will be denied.

1

I.   BACKGROUND

According to the Complaint, Defendant T.R. Norton, a police officer with the New Jersey State Police, "'lured'" Plaintiff to a location on March 20, 2018 "to purchase [heroin] that [he] didn't sell, nor had on [his] 'persons' upon arrest."  ECF No. 1 at 6-7.  Once Plaintiff was there, Defendant Officers Brook, Eddis, Ward, Katz, Trapani, Bernard, and Blair helped Defendant Norton to search the vehicle Plaintiff was driving without a warrant or consent.  Id. at 6.  Defendant Norton took Plaintiff to the police station and promised to release Plaintiff on a summons "as long as [he] made controlled purchases to obtain firearms; Provide Important information [he] knew that [Defendants] needed, along with a involuntary statement (with the consent to search the vehicle given on the scene) as a requirement of that deal."  Id. at 7.

Defendant Norton allegedly called a "Female Prosecutor" and "bragg[ed] about how he 'had them in pocket' to do whatever he wanted . . . ."  Id.  He then released Plaintiff on a summons "and conducted controlled buys to purchase firearms with [Plaintiff] as a 'Confidential Informant' and doing everything required of [him]" by Defendant Norton and the unidentified prosecutor.  Id.  Plaintiff alleges that Defendant Norton reneged on the deal, allowed Plaintiff to be prosecuted and indicted, and lied under oath during a suppression hearing about

2

the alleged deals and promises.  Id.  Indictment #18-11-01029I/A was returned on November 28, 2018 and charged Plaintiff with third-degree possession with intent to distribute CDS (Cocaine), N.J.S.A. § 2C:35-5(B)(3); third-degree possession of CDS (Cocaine), N.J.S.A. § 2C:35-10(A)(1); second-degree unlawful possession of a weapon, N.J.S.A. § 2C:39-5(b)(1); second-degree possession of a firearm while committing a CDS offense, N.J.S.A. § 2C:39-4.1(a); third-degree receiving stolen property, N.J.S.A. § 2C:20-7(a); and second-degree possession of a weapon by a convicted person, N.J.S.A. § 2C39-7(b)(1).  ECF No. 22 at 2-4.

After the indictment, other officers with the New Jersey State Police Metro Unit South began to "vindictively see [Plaintiff] out."  Id.  Plaintiff alleges Defendants Piligno, Moyer, Diaz, Kite, Hillesheim, Buinicky, Lynn, Silipino, "E.C.", Mazzoni, Walker, Daniels, Erdman, Ehret, Falciani, and Burke caused him to be indicted again under Indictment #19-12-01159I/A.[1]  Id.  Plaintiff alleges "Evidence Tampering and

---

[1] Indictment #19-12-01159I contains charges of third-degree possession of CDS (Methamphetamine), N.J.S.A. § 2C:35-10(A)(1); second-degree possession with intent to distribute CDS (Methamphetamine), N.J.S.A. § 2C:35-5(B)(9)(A); third-degree possession of CDS (Fentanyl), N.J.S.A. § 2C:35-10(A)(1); third-degree possession of CDS (Cocaine), N.J.S.A. § 2C:35-10(A)(1); second-degree possession with intent to distribute CDS (Cocaine), N.J.S.A. § 2C:35-5(B)(2); fourth-degree possession with intent to distribute CDS (Marijuana), N.J.S.A. § 2C:35-5(B)(12); second-degree possession of a firearm while committing a CDS offense, N.J.S.A. § 2C:39-4.1(a); third-degree possession of CDS (Heroin/Fentanyl), N.J.S.A. § 2C:35-10(A)(1); second-

3

'Tainted/Shame' alleged controlled buys dated 6/27/19, 7/10/19, 7/25/19, 9/12/19 and 9/18/19" by Defendant Piligno.  Id. Plaintiff further alleges Defendant Piligno falsified police reports, falsified an affidavit of probable cause on September 24, 2019, and conducted a warrantless search and planted evidence on October 1, 2019.  Id. at 8-9.  Plaintiff alleges Defendant David Webber, a prosecutor, presented false evidence to the grand jury and withheld exculpatory evidence.  Id. at 10. He also asserts Defendant Catheryn Wilson, another prosecutor, "'maliciously chare[d]' and 'ultimately prosecute[d] defendant Ford in Bad Faith.'"  ECF No. 1-3 at 6.

Plaintiff alleges that the actions of defendant police officers and prosecutor constituted official misconduct and caused him to be detained in the "cruel and unsanitary conditions" in the Cumberland County Jail, overseen by Defendant Warden Eugene Caldwell.  ECF No. 1 at 10-11.  He asks for a "full federal investigation (including 'Federal Internal Affairs')," dismissal of the indictments, compensatory damages, "[a]s well as some form of protection/remedy so no one ever . . . has to endure these type of corrupted police tactics."  Id. at 7, 11.

---

degree distribution of CDS (Heroin/Fentanyl), N.J.S.A. § 2C:35-5(B)(2); and second-degree possession of a weapon by a convicted person, N.J.S.A. § 2C:39-7(b). ECF No. 17 at 38-43.

4

II.   STANDARD OF REVIEW

Section 1915(e)(2)(B) requires a court to review complaints prior to service in cases in which a plaintiff is in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Plaintiff has been granted in forma pauperis statues and this Complaint is now subject to sua sponte screening.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the Plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to

show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

A.   Request for Criminal Charges

At the outset, the Court must dismiss the complaint to the extent it asks the Court to bring criminal charges or order a federal investigation against Defendants.  "[T]he Court does not have the power to bring criminal charges. The ability to bring criminal charges lies solely with the prosecutors in the executive branches of the state and federal governments. Therefore, all requests for prosecuting criminal claims against Defendants are dismissed."  Bethea v. Casino, No. 15-7290, 2016 WL 7424116, at *3 (D.N.J. Dec. 23, 2016).

B.   Statute of Limitations

The complaint is also dismissed to the extent it raises improper search claims and false arrest claims because those claims are barred by the statute of limitations. "Although the statute of limitations is an affirmative defense, a court may dismiss claims sua sponte if a time-bar is obvious from the face of the complaint and no further development of the record is necessary." Demby v. Cty. of Camden, No. 21-1433, 2021 WL 4957002, at *1 (3d Cir. Oct. 26, 2021) (citing Fed. R. Civ. P. 8(c)), cert. denied sub nom. Demby v. Cty. of Camden, NJ, No. 21-6741, 2022 WL 516244 (U.S. Feb. 22, 2022). New Jersey's two-year limitations period for personal injury governs Plaintiff's complaint, Wilson v. Garcia, 471 U.S. 261, 276 (1985); Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010), but the accrual date of a § 1983 action is determined by federal law, Wallace v. Kato, 549 U.S. 384, 388 (2007); Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'" Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (quoting Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)).

A claim for an unlawful search accrues at the time of the search. "[A] a claim accrues when the last act needed to complete the tort occurs. For a search, that is the moment of

7

the search." Nguyen v. Pennsylvania, 906 F.3d 271, 273 (3d Cir. 2018) (internal citation omitted). Plaintiff alleges Defendants conducted illegal searches on March 20, 2018 and October 1, 2019. ECF No. 1 at 6, 8. The time to file a § 1983 complaint based on these searches expired on March 20, 2020 and October 1, 2021, respectively. Plaintiff did not file the complaint until January 2022. ECF No. 1.

Generally, a claim for false arrest accrues on the date of arrest. Singleton v. DA Philadelphia, 411 F. App'x 470, 472 (3d Cir. 2011). However in certain circumstances, § 1983 claims "do[] not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). See also Garrett v. Murphy, 17 F.4th 419, 425 (3d Cir. 2021) ("In Heck, the Supreme Court held that a prisoner lacks a 'cause of action' under § 1983 if the prisoner is challenging an 'allegedly unconstitutional conviction or imprisonment' before having the conviction or sentence overturned."). However, the delayed accrual rule in Heck does not extend to "a § 1983 claim for false arrest in which there was no outstanding conviction at the time of the accrual, i.e., the arrest." Dique v. New Jersey State Police, 603 F.3d 181, 187 (3d Cir. 2010) (citing Wallace v. Kato, 549 U.S. 384, 393 (2007)). "[T]he Heck rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,'

8

that is to say, an 'outstanding criminal judgment.'" Wallace, 549 U.S. at 393 (omission in original). Plaintiff was arrested on March 20, 2018 and October 1, 2019. ECF No. 1 at 6, 8. There were no existing criminal conviction on those dates such that Heck would have delayed the accrual of Plaintiff's false arrest claims. Therefore, these claims are also time-barred.

Plaintiff asserts the Court should toll the time for filing his complaint. ECF No. 1-1 at 2. "State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). "The law is clear that courts must be sparing in their use of equitable tolling." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). Plaintiff states he "realized since '10-10-19' that 'Official Misconduct' was present and it was confirmed on '12-4-19' upon an indictment being returned in that indictment." ECF No. 1-1 at 2. "So [whether] it was 'LATE Aug. 2019' to 'Aug. 12, 2021' in indictment #18-11-01029I/A, I filed this '1983' before my '2 or 3 yr limitation' was up, 'after' I realized that these issues existed." Id.

Under New Jersey law, a statute of limitations can be tolled based upon equitable principles, such as the discovery rule. Freeman v. State, 788 A.2d 867, 878 (N.J. Super. Ct. App. Div. 2002). "The discovery rule prevents the statute of

9

limitations from running when injured parties reasonably are unaware that they have been injured, or, although aware of an injury, do not know that the injury is attributable to the fault of another." Baird v. Am. Med. Optics, 713 A.2d 1019, 1025 (N.J. 1998). "The standard is basically an objective one - whether plaintiff 'knew or should have known' of sufficient facts to start the statute of limitations running." Caravaggio v. D'Agostini, 765 A.2d 182, 187 (N.J. 2001).

Plaintiff had enough facts on March 20, 2018 and October 1, 2019 to know the basis for his illegal search and false arrest claims. "A plaintiff's ignorance regarding the full extent of his injury is irrelevant to the discovery rule's application, so long as the plaintiff discovers or should have discovered that he was injured." Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015). Tolling is not warranted for these claims; therefore, the illegal search and false arrest claims are dismissed with prejudice, 28 U.S.C. § 1915(e)(2)(B)(ii).

C.  Malicious Prosecution

Plaintiff also brings claims of malicious prosecution against Defendants. However, the claim must be dismissed with prejudice against Defendants Webber and Wilson. "The decision to initiate a prosecution is at the core of a prosecutor's judicial role." Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31

10

(1976)).  See also Burns v. Reed, 500 U.S. 478, 486 (1991); Fogle v. Sokol, 957 F.3d 148, 160 (3d Cir. 2020).  "A prosecutor is absolutely immune when making this decision, even where [he or she] acts without a good faith belief that any wrongdoing has occurred."  Kulwicki, 969 F.2d at 1464.  "[P]rosecutors are immune from claims arising from their conduct in beginning a prosecution, including soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings, presenting a state's case at trial, and appearing before a judge to present evidence."  Fogle, 957 F.3d at 160 (citing Imbler, 424 U.S. at 431; Burns, 500 U.S. at 491-92; Kulwicki, 969 F.2d at 1465) (internal quotation marks omitted).  Defendants Webber and Wilson will be dismissed with prejudice based on prosecutorial immunity.  28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff has failed to state a malicious prosecution claim against the other Defendants.  The Supreme Court recently defined "the elements of the malicious prosecution tort as follows: (i) the suit or proceeding was 'instituted without any probable cause'; (ii) the 'motive in instituting' the suit 'was malicious,' which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution 'terminated in the acquittal or discharge of the accused.'"  Thompson v. Clark, 142 S. Ct. 1332, 1338 (2022) (quoting T. Cooley, Law of Torts

11

181 (1880)). For the final element, "[a] plaintiff need only show that the criminal prosecution ended without a conviction." Id. at 1341.

Plaintiff's criminal prosecutions have not ended without a conviction; they are presently ongoing. "[A] prisoner lacks a 'cause of action' under § 1983 if the prisoner is challenging an 'allegedly unconstitutional conviction or imprisonment' before having the conviction or sentence overturned." Garrett v. Murphy, 17 F.4th 419, 425 (3d Cir. 2021) (quoting Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)). "Favorable termination is (and always has been) a necessary element of a malicious prosecution claim." Id. at 428. "Without favorable termination, a plaintiff lacks a claim, and the complaint must be dismissed as premature for failure to state a claim." Id.

Plaintiff's malicious prosecution claim against the non-prosecutor defendants will be dismissed without prejudice. In the event Plaintiff can satisfy the favorable termination element, he must file a new complaint.

D.  Other Claims

Plaintiff's complaint also contains claims against Defendant Caldwell that are duplicative of other pending actions before the Court. Plaintiff has a civil action pending in which he alleges he was subjected to unconstitutional conditions of confinement in the Cumberland County Jail, Ford v. Smith, 20-

12

18863.  He also has a civil action pending in which he alleges he was subjected to unconstitutional conditions of confinement in the Hudson County Jail, Ford v. Caldwell, No. 22-4500.  This complaint is dismissed to the extent it duplicates the claims in those actions.

Finally, the complaint must be dismissed to the extent it challenges his ongoing criminal proceedings and seeks dismissal of the indictments as a remedy.  Challenges to the fact or duration of confinement are the "core of habeas corpus . . . for it goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).  Any pretrial challenge to the constitutionality of Plaintiff's detention must be filed as a habeas corpus petition under 28 U.S.C. § 2241.

The Court declines to convert the complaint into a § 2241 petition.  Plaintiff previously filed a § 2241 petition in this District alleging police misconduct, prosecutorial misconduct, and judicial bias in his ongoing criminal proceedings.  Ford v. Smith, No. 20-6961, 2020 WL 7224187 (D.N.J. Dec. 8, 2020).  The Honorable Renée Marie Bumb, D.N.J., dismissed the petition for failing to exhaust state court remedies.  Id.  Plaintiff also has a pending § 2241 petition challenging the conditions of confinement at the Cumberland County Jail.  Ford v. Smith, No.

13

20-12655. Plaintiff's claims sounding in habeas are already receiving this Court's consideration.

E.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will deny leave to amend as futile.

Plaintiff's illegal search and false arrest claims are barred by the statute of limitations. His malicious prosecution claims against Defendants, other than the Prosecutor Defendants, has not yet accrued and may not accrue for some time. The statute of limitations for malicious prosecution claims do not begin to run until there has been a favorable termination of criminal proceedings, so denying leave to amend will not prejudice Plaintiff's ability to bring his claims if and when he can satisfy the favorable termination element. See Heck v. Humphrey, 512 U.S. 477, 489 (1994) ("[T]he statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen.").

IV.  CONCLUSION

For the reasons stated above, Plaintiff's illegal search and false arrest claims will be dismissed with prejudice, 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's malicious prosecution

14

claim against Defendants Webber and Wilson will be dismissed with prejudice, 28 U.S.C. § 1915(e)(2)(B)(iii).  The claims against Defendant Caldwell will be dismissed as duplicative.  The rest of the complaint will be dismissed without prejudice, 28 U.S.C. § 1915(e)(2)(B)(ii).  Leave to amend will be denied.

An appropriate order follows.


Dated: January 5, 2023            s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.