```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MR. TODD C. FORD, JR., | No. 22-0355 (NLH) (EAP) |
| Plaintiff, | OPINION |
| v. | |
| TPR T.R. NORTON, et al., | |
| Defendants. | |

APPEARANCE:
Todd C. Ford, Jr.
357376
Hudson County Correctional Center
35 Hackensack Ave.
Kearny, NJ 07032

  *Plaintiff Pro se*

<u>HILLMAN</u>, District Judge

   Plaintiff Todd C. Ford, presently incarcerated in the Hudson County Jail in Kearny, New Jersey, filed a Complaint against several police officers and Cumberland County prosecutors.  ECF No. 1.  On January 5, 2023, the Court dismissed the Complaint without prejudice in accordance with 28 U.S.C. § 1915(e)(2) because it failed to state a claim.  ECF No. 24.  The Court denied leave to amend as futile because Plaintiff's illegal search and false arrest claims were barred by the statute of limitations and his malicious prosecution claims were premature.  ECF No. 23 at 14.

   On July 10, 2023, the Court received a letter from Plaintiff that asked the Court to "take the case down entirely"

1

or to change his name to a pseudonym. He states the complaint concerned his activity as a confidential informant and put him "in extreme danger." ECF No. 26 at 1. The Clerk docketed the letter as a motion to modify or correct the Court's order and filed it under temporary seal pending the Court's review. Id. Plaintiff later filed a motion to seal raising the same concerns as his prior letter. ECF No. 27.

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). "The public's right of access extends beyond simply the ability to attend open court proceedings. Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents." Id. (internal citations and quotation marks omitted). However, "[t]he public's common law right to access judicial records is not absolute. Instead, when the right exists, there is a strong presumption that the public may view the records." United States v. Wecht, 484 F.3d 194, 208 (3d Cir. 2007), as amended (July 2, 2007) (internal citations and quotation marks omitted).

A party seeking to seal portions of the judicial record from public view "must show 'that the material is the kind of information that courts will protect and that disclosure will

2

work a clearly defined and serious injury to the party seeking closure.'" In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019) (quoting Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994)).  The "'strong presumption' of openness does not permit the routine closing of judicial records to the public." Miller, 16 F.3d at 551.

In deciding a motion to seal, the Court considers

(a) the nature of the materials or proceedings at issue;

(b) the legitimate private or public interest which warrants the relief sought;

(c) the clearly defined and serious injury that would result if the relief sought is not granted;

(d) why a less restrictive alternative to the relief sought is not available;

(e) any prior order sealing the same materials in the pending action; and

(f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3).  "In delineating the injury to be prevented, specificity is essential.  Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." In re Cendant Corp., 260 F.3d at 194.

The Court is sympathetic to Plaintiff's concerns and certainly does not wish him any undue risk of harm; however, the submissions he seeks to seal are his own submissions to the Court and the Court's proper response to them.  The public is

3

entitled to know when relief is sought from a public-funded court and the resolution of those claims.

Moreover, Plaintiff filed his complaint in January 2022 and submitted many exhibits to the docket. It was by his own volition that he disclosed certain facts in his pleadings and not the act of any third party. He made no request to file anything under seal until after the Court issued its opinion. In the unlikely event that Plaintiff would have been allowed to proceed anonymously, the time to make such a request was before the placement of filings on the public docket, not after. What was done cannot be undone without violating the First Amendment right of access to public information. The Court "simply do[es] not have the power . . . to make what has thus become public private again." Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 (2d Cir. 2004). "The genie is out of the bottle . . . . We have not the means to put the genie back." Id. The Court will deny the motion and direct the Clerk to lift the temporary seal on Plaintiff's letter and motion.

An appropriate order follows.

Dated: August 10, 2023          s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

4